# Exhibit 1

# Order Granting Plaintiff's Motion for Temporary Restraining Order, *Liu v. Noem*, No. 1:25-cv-00133 (D.N.H. Apr. 10, 2025)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Xiaotian Liu

  v.                   Case No. 25-cv-133-SE

Kristi Noem et al.

**O R D E R**

On April 7, 2025, Plaintiff Xiaotian Liu brought suit against Kristi Noem, the Secretary of the Department of Homeland Security, and Todd Lyons, the Acting Director of Immigration and Customs Enforcement, alleging that DHS unlawfully terminated his F-1 student status in the Student and Exchange Visitor ("SEVIS")[1] system. He alleges, among other things, that DHS violated his due process rights under the Fifth Amendment and violated the Administrative Procedure Act when it terminated his status in the system. Liu filed a motion for a temporary restraining order with his complaint, requesting a TRO "(i) enjoining Defendants from terminating Plaintiff's F-1 student status under the Student and Exchange Visitor (SEVIS) system and (ii) requiring Defendants to set aside their termination determination." Doc. no. 2 at 1.

The court held a brief video hearing on April 7. Although Liu filed a motion for a TRO, his attorneys communicated with the defendants' attorney, who was able to attend the hearing. The parties agreed that the court should not consider the motion for a TRO at that hearing and that they would confer regarding a potential briefing schedule and provide the court with a status update on or before April 9.

---

[1] SEVIS is "the web-based system that [DHS] uses to maintain information regarding: . . . F-1 . . . students studying in the United States[.]" About SEVIS, Department of Homeland Security, https://studyinthestates.dhs.gov/site/about-sevis (last visited April 10, 2025).

On the evening of April 8 and the early morning of April 9, Liu filed two addenda to his motion for a TRO. See doc. nos. 7 and 8. In the latter addendum, Liu stated that because of the "potential immigration detention and deportation in light of the F-1 student status termination, on April 7, 2025, Plaintiff's counsel attempted to receive assurance from Defendants' counsel that Defendants would not arrest, detain, or place him in removal proceedings during the pendency of [litigation regarding the] temporary restraining order and preliminary injunction." Doc no. 8 at 3. Liu added that his "counsel could not receive such assurances from Defendants' counsel." Id. He therefore notified the defendants' counsel that he would pursue his motion for a TRO immediately and he requested an emergency hearing. The court held that hearing on April 9, and counsel for both Liu and the defendants appeared.

As explained at the hearing, although the defendants were given notice and an opportunity to be heard, the court does not convert the motion for a TRO into a motion for a preliminary injunction. The defendants' counsel acknowledged at the hearing that he had not had adequate time to investigate certain of Liu's factual allegations or evaluate properly the legal bases on which Liu's motion rests. Therefore, the court construes Liu's motion as a request for the provisional remedy of a TRO with notice, which essentially seeks to avoid irreparable harm until the defendants are able to review the factual record and develop their legal arguments sufficiently to address the request for preliminary relief.

In evaluating a motion for a TRO, the court considers the same four factors that apply to a motion for a preliminary injunction. Karlsen v. Town of Hebron, Civ. No. 18-cv-794-LM, 2018 WL 11273651, at *1 (D.N.H. Sept. 28, 2018). Those four factors include "(i) the likelihood that the movant will succeed on the merits; (ii) the possibility that, without an injunction, the movant will suffer irreparable harm; (iii) the balance of relevant hardships as between the parties; and

2

(iv) the effect of the court's ruling on the public interest." Coquico, Inc. v. Rodríguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009). "The first of these four factors normally weighs heaviest in the decisional scales." Id. When, as here, the defendants are government officials sued in their official capacities, the balance of the hardships and the public interest factors merge. Does 1-6 v. Mills, 16 F.4th 20, 37 (1st Cir. 2021).

After considering Liu's motion for a TRO, the exhibits attached thereto, and the addenda, as well as the parties' oral argument during the April 9 hearing, the court granted Liu's motion for a TRO on the record at the hearing.

Liu has shown a likelihood of success on the merits of his claim in Count 2, that DHS violated the APA when it terminated his F-1 student status in the SEVIS system. Based on the record before the court, Liu is likely to show that DHS's termination of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See 5 U.S.C. § 706(2)(A). The defendants did not offer any legal or factual argument contradicting Liu's likelihood of success on the merits of Count 2 during the hearing.[2]

Because DHS terminated Liu's F-1 student status in the SEVIS system, he is no longer authorized to work as a research assistant or participate in any research, and he is no longer eligible to receive any stipend from his Ph.D. program at Dartmouth College. There is uncontroverted evidence that due to his inability to participate in research, Dartmouth must require him to disenroll from his current courses so that Dartmouth can remain in compliance

---

[2] Because the court finds that Liu has shown a likelihood of success on the merits of his APA claim in Count 2, it does not address at this time his claim in Count 1 that DHS violated his due process rights under the Fifth Amendment when it terminated his F-1 status in the SEVIS system.

3

with federal law. Additionally, it may be too late to forestall this requirement by the time the defendants are prepared to be heard on the preliminary injunction. These circumstances will derail Liu's academic trajectory and ability to complete his Ph.D. program in a timely fashion. This loss of timely academic progress alone is sufficient to establish irreparable harm. Further, the change in Liu's status in the SEVIS system may expose him to a risk of detention or deportation. The defendants' inability to agree that he would not be detained or deported as a result of his status change before the defendants could be prepared to be heard on Liu's request for preliminary relief is an acknowledgement of the existence of this risk. The evidence before the court further establishes that the uncertain link between Liu's SEVIS status and the possibility of detention and deportation is causing him emotional harm. Liu has shown that, without a TRO, he will suffer irreparable harm for which an award of monetary damages would not be sufficient.

The balance of the hardships and whether injunctive relief is in the public interest both weigh in Liu's favor. The only argument that the defendants offered on these factors was a concern that a TRO in this case may interfere with ICE's ability to carry out its duties. Though the defendants did not challenge for the purposes of the April 9 hearing the allegation that Liu's SEVIS status had changed, they could not confirm that his status had changed, or if it had, whether it had been changed intentionally or as the result of an error. Nor could the defendants confirm that ICE had included Liu in any priority. At best, the defendants ask the court to avoid unintentionally interfering with ICE's ability to carry out some unstated duty. For his part, Liu points to the irreparable injury that he contends supports his request for immediate relief, as well as Congress's expressed intent to allow foreign students to pursue educational opportunities in

4

the United States without interference. The court finds that these two factors weigh in Liu's favor.

A TRO is necessary to avoid irreparable harm in this case. It is made more appropriate given its anticipated short duration, which is only long enough to afford the defendants the time they have requested to prepare their factual and legal responses to Liu's requests for preliminary relief.

After considering the relevant factors, the court exercises its discretion to waive the bond requirement embedded in Rule 65(c) of the Federal Rules of Civil Procedure. See Crowley v. Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen, & Packers, 679 F.2d 978, 1001 (1st Cir. 1982), rev'd on other grounds, 467 U.S. 526 (1984).

## Conclusion

For the foregoing reasons, the plaintiff's motion for a temporary restraining order (doc. no. 2) is granted. The parties shall meet and confer regarding an appropriate briefing and argument schedule for the preliminary injunction hearing, with the hearing scheduled no later than April 23, 2025.

All defendants are (i) enjoined from terminating Mr. Liu's F-1 student status under the SEVIS [Student and Exchange Visitor] system, and (ii) required to set aside their termination determination. This order shall remain in effect until further order of the court.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

April 10, 2025
cc: Counsel of Record.

5