IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHINMAY DEORE, et al., | Case No. 2:25-cv-11038 |
| Plaintiffs, | Hon. Stephen J. Murphy, III |
| v. | Mag. J. David R. Grand |
| KRISTI NOEM, et al., | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this notice of supplemental authority to bring to the Court's attention two recent decisions of U.S. District Courts in New York and Massachusetts, issuing temporary restraining orders in highly analogous cases: *Wu v. Lyons*, No. 25-cv-01979 (U.S. District Court for the Eastern District of New York) (attached as Exhibit A) and *Zheng v. Lyons*, No. 25-cv-10893 (U.S. District Court for the District of Massachusetts) (attached as Exhibit B).

1. ***Wu v. Lyons* Temporary Restraining Order**

On April 11, 2025, the U.S. District Court for the Eastern District of New York issued a temporary restraining order in *Wu v. Lyons*, No. 25-cv-01979, enjoining Defendant Lyons "from terminating plaintiff Wu's Student and Exchange Visitor Information System ("SEVIS") record and F-1 visa status;" and ordering

1

Defendant Lyons to "set aside its decision to terminate plaintiffs' visa statutes and plaintiff Wu's SEVIS record." *See* Exhibit A. The *Wu* action was filed on April 9, 2025, a day before the current action was filed. The plaintiffs in *Wu* raised a similar claim to the one Plaintiffs here raise under the Administrative Procedure Act.[1] The *Wu* Court ordered the parties to appear by telephonic conference for a show cause hearing on April 11, 2025, where both sides presented argument.

In issuing the TRO, the *Wu* Court relied on the plaintiffs' motion, accompanying declarations and exhibits, the memorandum in support, and the parties' arguments. Exhibit A. For good cause shown, the *Wu* Court found "that plaintiffs have shown by a preponderance of the evidence a likelihood of success on the merits of their claim pursuant to the Administrative Procedure Act" and "that plaintiffs will likely suffer irreparable harm which cannot be remedied by money damages, and that the balance of hardships and public interest weigh in favor of temporary injunctive relief . . . ." *Id.* The Court further waived the bond requirement of Rule 65(c) and ordered the parties to meet and confer to submit a briefing schedule on the plaintiffs' motion for a preliminary injunction. *Id.*

---

[1] Docket entries for *Wu v. Lyons* appear to be sealed and unable to be accessed without appropriate permissions, so Plaintiffs were unable to confirm whether the *Wu* complaint included other claims in addition to their claim pursuant to the Administrative Procedures Act.

## 2. *Zheng v. Lyons* Temporary Restraining Order

On April 11, 2025, the U.S. District Court for the District of Massachusetts issued a temporary restraining order in *Zheng v. Lyons*, No. 25-cv-10893, enjoining Defendant Lyons "(a) from arresting or detaining plaintiff Huadan Zheng . . . under 8 U.S.C. § 1226(a), or otherwise for being unlawfully present in the United States without legal permission or authority, based on the termination or revocation of her F-1 student visa," or if she has already been arrested or detained, from "transferring her outside the District of Massachusetts, until 5:00 p.m. on Wednesday, April 16, 2025." *See* Exhibit B. The *Zheng* action was filed on April 11, 2025 and the temporary restraining order was issued the same day relying on the application and related filings.

The temporary restraining orders in *Wu* and *Zheng* are relevant to the current action and Plaintiffs' arguments that a temporary restraining order is required to prevent further irreparable harm. *Wu* and *Zheng* present legal and factual similarities to this case and enjoin the same or similar actions against the same Defendants that Plaintiffs seek a temporary restraining order for in this case. Both the *Wu* and *Zheng* courts found that a temporary restraining order was necessary to prevent further irreparable harm to the plaintiff students in those cases, which is relevant to this Court's determination of Plaintiffs' Motion for Temporary Restraining Order (ECF. No. 2, PageID.47).

Respectfully submitted,

By: /s/ Ramis J. Wadood

| | |
|---|---|
| Kevin M. Carlson (P67704) | Ramis J. Wadood (P85791) |
| Michael L. Pitt (P24429) | Philip E. Mayor (P81691) |
| Cooperating Attorneys, American Civil Liberties Union Fund of Michigan | Bonsitu Kitaba-Gaviglio (P78822) |
| | Syeda F. Davidson (P72801) |
| Pitt McGehee Palmer Bonanni & Rivers, P.C. | Daniel S. Korobkin (P72842) |
| | American Civil Liberties Union Fund of Michigan |
| 117 W. 4th St. Ste. 200 | 2966 Woodward Avenue |
| Royal Oak, MI 48067 | Detroit, MI  48201 |
| (248) 398-9800 | (313) 578-6800 |
| kcarlson@pittlawpc.com | rwadood@aclumich.org |
| mpitt@pittlawpc.com | pmayor@aclumich.org |
| | bkitaba@aclumich.org |
| Russell Abrutyn (P63968) | sdavidson@aclumich.org |
| Cooperating Attorney, American Civil Liberties Union Fund of Michigan | dkorobkin@aclumich.org |
| Abrutyn Law PLLC | |
| 15944 W 12 Mile Rd | |
| Southfield, MI 48076 | |
| (248) 965-9440 | |
| russell@abrutyn.com | |

*Attorneys for Plaintiffs*

Dated: April 14, 2025