# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHINMAY DEORE, et al., | Case No. 2:25-cv-11038 |
| Plaintiffs, | Hon. Stephen J. Murphy, III |
| v. | Mag. J. David R. Grand |
| KRISTI NOEM, et al., | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this notice of supplemental authority to bring to the Court's attention a decision of the U.S. District Court for the Western District of Wisconsin issuing a temporary restraining order in a highly analogous case: *Isserdasani v. Noem*, No. 25-cv-00283 (W.D. Wis. Apr. 15, 2025) (attached as Exhibit A). This order, entered earlier today, follows multiple other district courts issuing temporary restraining orders in highly analogous cases. *See* ECF No. 2-2, PageID.86 (District of New Hampshire); ECF No. 16-2, PageID.193 (Eastern District of New York); ECF No. 16-3, PageID.196 (District of Massachusetts).[1]

---

[1] In a minute order, the U.S. District Court for the District of Columbia also issued a temporary restraining order after considering both oral and written arguments from the government defendants. *See Hinge v. Lyons*, No. 25-cv-01097 (D.D.C. Apr. 14, 2025) (minute order).

1

In *Isserdasani*, the Court issued a temporary restraining order enjoining the defendants from "(1) terminating plaintiff Krish Lal Isserdasani's F-1 student status records from the Student and Exchange Visitor Information System ("SEVIS"); and (2) directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences as the result of the decision to terminate his SEVIS records, including revoking Isserdasani's visa or detaining him." Exhibit A, *11-12.[2]

The *Isserdasani* action was filed on April 14, 2025, four days after the current action was filed. The plaintiffs in *Isserdasani* raised similar claims to the one Plaintiffs here raise under the Administrative Procedure Act and the Due Process Clause.[3] *See* Exhibit A, *1. The *Isserdasani* Court heard arguments from both parties during an April 14, 2025 telephonic conference. *Id.* at *2.

In issuing the TRO, the *Isserdasani* Court relied on the plaintiffs' motion, accompanying declarations and exhibits, the memorandum in support, and the parties' arguments. For good cause shown, the *Isserdasani* Court found that:

> that plaintiff Isserdasani has shown a substantial, if not overwhelming, likelihood of success on the merits of his claim in Count 2 that DHS violated the APA when it summarily terminated his F-1 student status in SEVIS without cause. Specifically, based on the record currently before the court, Isserdasani is likely to show that DHS's termination

---

[2] The *Isserdasani* Court did not issue a temporary restraining order as to the second plaintiff because of venue-related issues that are not present in this action.

[3] Docket entries for *Isserdasani v. Noem* appear to be sealed and unable to be accessed without appropriate permissions, so Plaintiffs characterize the claims based on the Court's written opinion.

2

>of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A).

*Id.* at *9-10. The Court also found that "Isserdasani faces possible devastating irreparable harm due to the termination of his F-1 student record in SEVIS . . . The loss of timely academic process alone is sufficient to establish irreparable harm." *Id.* at *10. Finally, the Court found that "the marginal harm, if any, to defendants does not begin to equate with the likely harm to plaintiff. Likewise, the public, which includes the taxpayers of the State of Wisconsin, has an overriding interest in seeing that students at the University of Wisconsin are able to be educated and obtain degrees earned with both sweat equity and tuition payments, unless there is a good reason to deny either." *Id.*

The temporary restraining order in *Isserdasani* is highly relevant to the current action and Plaintiffs' arguments that a temporary restraining order is required to prevent further irreparable harm to Plaintiffs. *Isserdasani* presents legal and factual similarities to this case and enjoins the same or similar actions against the same Defendants that Plaintiffs seek a temporary restraining order for in this case. The *Isserdasani* Court found that a temporary restraining order was necessary to prevent further irreparable harm, which is likewise relevant to this Court's determination of Plaintiffs' motion here (ECF No. 2, PageID.47).

Respectfully submitted,

3

By: /s/ Ramis J. Wadood

| | |
|---|---|
| Kevin M. Carlson (P67704) | Ramis J. Wadood (P85791) |
| Michael L. Pitt (P24429) | Philip E. Mayor (P81691) |
| Cooperating Attorneys, American Civil Liberties Union Fund of Michigan | Bonsitu Kitaba-Gaviglio (P78822) |
| | Syeda F. Davidson (P72801) |
| Pitt McGehee Palmer Bonanni & Rivers, P.C. | Daniel S. Korobkin (P72842) |
| | American Civil Liberties Union Fund of Michigan |
| 117 W. 4th St. Ste. 200 | 2966 Woodward Avenue |
| Royal Oak, MI 48067 | Detroit, MI 48201 |
| (248) 398-9800 | (313) 578-6800 |
| kcarlson@pittlawpc.com | rwadood@aclumich.org |
| mpitt@pittlawpc.com | pmayor@aclumich.org |
| | bkitaba@aclumich.org |
| Russell Abrutyn (P63968) | sdavidson@aclumich.org |
| Cooperating Attorney, American Civil Liberties Union Fund of Michigan | dkorobkin@aclumich.org |
| Abrutyn Law PLLC | |
| 15944 W 12 Mile Rd | |
| Southfield, MI 48076 | |
| (248) 965-9440 | |
| russell@abrutyn.com | |

Attorneys for Plaintiffs

Dated: April 15, 2025