# EXHIBIT I

Temporary Restraining Order, *Ziliang v. Noem*,

No. 25-cv-01391 (U.S. District Court for the District of Minnesota)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ZILIANG J.,                             Case No. 25-CV-1391 (PJS/DLM)

      Plaintiff,

v.                                                        ORDER

KRISTI NOEM, Secretary of Department of
Homeland Security, in her official capacity;
TODD LYONS, Acting Director of
Immigration and Customs Enforcement, in
his official capacity; and U.S.
IMMIGRATION & CUSTOMS
ENFORCEMENT,

      Defendants.

---

      Cameron Lane Youngs Giebink, David L. Wilson, Gabriela Sophia
      Anderson, and Katherine Lourdes Santamaria Mendez, WILSON LAW
      GROUP, for plaintiff.

This matter is before the Court on plaintiff's emergency motion for a temporary restraining order ("TRO") against defendants Kristi Noem, Todd Lyons, and U.S. Immigration & Customs Enforcement ("ICE") (together "defendants"). For the reasons that follow, the Court grants the motion.

## I.  BACKGROUND

Plaintiff is a citizen of the People's Republic of China who has lawfully resided in the United States since August 25, 2019, when he was admitted pursuant to an F-1 visa. ECF Nos. 1 ¶ 8, 7 ¶ 2. Plaintiff is currently enrolled as a full-time student in a master's

degree program in geographic information science and cartography at the University of Minnesota's Twin Cities campus. ECF No. 7 ¶ 2.

ICE is responsible for administering the student visa program and tracking information on students in F-1 status through the Student and Exchange Visitor Program. ECF No. 1 ¶ 13. Under 8 U.S.C. § 1372, such students are tracked in an electronic record system known as the Student Exchange Visitor Information System ("SEVIS"). Plaintiff alleges that ICE takes the position that termination of a student's SEVIS account requires the student to immediately depart the United States. ECF No. 1 ¶ 87.

During his time in the United States, plaintiff has twice received parking tickets and once been cited for speeding. ECF No. 7 ¶¶ 6–7. He has also been cited for driving with a suspended license, but that case was dismissed. *Id.* ¶ 6. Plaintiff paid all of the fines that were imposed as a result of these offenses, and he has never been subject to academic discipline. *Id.* ¶¶ 7–8.

On April 8, 2025, ICE terminated plaintiff's student status in the SEVIS system. ECF No. 8-4. ICE identified the reason for the termination of his status as follows: "Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." *Id.* ICE did not inform plaintiff that his status had been terminated. ECF No. 7 ¶ 9. Instead, he learned about the termination of his SEVIS

status when the University of Minnesota sent him an email on April 8, 2025, notifying him of the change. *Id.* ¶ 9.

Plaintiff filed this action on April 14, 2025.[1] ECF No. 1. He brings three claims under the Administrative Procedure Act ("APA") and a claim for a declaratory judgment, contending that terminating his SEVIS status was contrary to the Immigration and Nationality Act and its implementing regulations, violated the Due Process Clause of the Fifth Amendment, and was arbitrary and capricious. Plaintiff seeks injunctive as well as declaratory relief.

Plaintiff now moves for a TRO to temporarily enjoin defendants from terminating his status in the SEVIS system and to require defendants to set aside their termination decision.

## II. ANALYSIS

In considering a motion for a TRO, courts consider four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27

---

[1] The Court notes that, just as this order was about to be docketed, plaintiff filed an amended complaint. The allegations underlying the Court's conclusions, however, remain the same.

F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). No one factor is determinative, and the court should "weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (internal quotation marks omitted). The moving party bears the burden to establish that these factors weigh in favor of granting temporary relief. *See, e.g., Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, based on the record now before the Court, the Court concludes that all four factors weigh in favor of granting plaintiff's requested TRO.

As to the first factor, the Court finds that plaintiff plainly faces irreparable harm. plaintiff is in the middle of the semester, for which he has already paid $17,739.23 in tuition. ECF No. 7 ¶¶ 1, 18; ECF No. 8-2. He is at imminent risk of being forced to drop his courses for this semester, and he is at risk of being prevented from registering for classes for next semester, as the University cannot allow him to proceed with his studies without an active student status on the SEVIS system. ECF No. 7 ¶¶ 16–17. More broadly, plaintiff faces the loss of the many years and many thousands of dollars he has invested in pursuing his degree. *Id.* ¶ 14. Because both the United States and the

-4-

University of Minnesota enjoy sovereign immunity, plaintiff may be unable to recover his financial losses.

In addition, plaintiff is now present in the United States with his legal status uncertain. This confusion about his legal status threatens imminent harm in at least two ways. First, it may subject him to immediate detention and deportation. *Id.* ¶ 10. Second, it causes him to accumulate unlawful presence in the United States, which is likely to impede or prevent him from becoming a permanent resident in the future. *Id.* ¶¶ 12, 13.

As to the second factor, the only apparent basis for defendants' action is plaintiff's history of minor traffic violations, the most recent of which took place in December 2023. ECF No. 7 ¶ 7. Enabling plaintiff to remain in status and continue his studies while the Court sorts through the legal issues in this case poses no plausible risk of injury to defendants.

As to the third factor, the Court finds on the basis of the current record that plaintiff is likely to succeed on the merits. Government agencies are generally required to follow their own regulations. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020). Plaintiff alleges that, when defendants terminated his status in the SEVIS system, they violated their own regulations and thereby violated the APA. *See* 8 C.F.R.

§ 214.1(d) (providing that termination of a non-citizen's nonimmigrant status may be accomplished by (1) revoking a waiver authorized on the non-citizen's behalf, (2) the introduction of a private bill to confer permanent-resident status on the non-citizen, or (3) a notification in the Federal Register on the basis of national security, diplomatic, or public-safety reasons). Defendants do not appear to have terminated plaintiff's status pursuant to any of these three courses of action. The record does not indicate that there was any relevant waiver to revoke. Nor does the record reflect that a private bill for permanent residence has been introduced, or that any notification in the Federal Register has been published.

Finally, as to the fourth factor, the Court finds that there is a substantial public interest in ensuring that government agencies comply with federal law. Indeed, the Court cannot imagine how the public interest might be served by permitting federal officials to flaunt the very laws that they have sworn to enforce.

For these reasons, the Court grants plaintiff's request for temporary relief and, in its discretion, the Court waives the bond requirement under Fed. R. Civ. P. 65(c). The Court also finds good cause to issue this order without notice, as defendants took the challenged action without notice, giving rise to a real risk that plaintiff might be detained or deported without notice and before he can serve defendants.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a temporary restraining order [ECF No. 4] is GRANTED.

    a. Defendants are ORDERED to temporarily set aside their determination to classify plaintiff's F-1 student status as terminated.

    b. Defendants are ORDERED to reinstate plaintiff's student status in the SEVIS system, backdated to April 8, 2025.

    c. Defendants are temporarily ENJOINED from taking any further action to terminate plaintiff's student status.

    d. Defendants are ENJOINED from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences as the result of the decision to terminate plaintiff's SEVIS records, including revoking plaintiff's visa, detaining him, or deporting him.

2. Plaintiff is ORDERED to serve defendants with the summons, complaint, motion papers, and a copy of this order as soon as possible.

3. The Court will hold a hearing on Thursday, April 24, 2025, at 2:30 pm to consider whether to convert the TRO into a preliminary injunction. Defendants' brief in response to plaintiff's motion is due no later than Monday, April 21, 2025. Plaintiff may file a reply no later than Wednesday, April 23, 2025.

4. Pursuant to Fed. R. Civ. P. 65(b)(2), this order will expire 14 days from the date of entry unless the Court extends it for good cause shown or defendants consent to an extension.

Dated: April 17, 2025, at 9:15 a.m.  s/Patrick J. Schiltz  
Patrick J. Schiltz, Chief Judge  
United States District Court