# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHINMAY DEORE, et al., | Case No. 2:25-cv-11038 |
| Plaintiffs, | Hon. Stephen J. Murphy, III |
| v. | Mag. J. David R. Grand |
| KRISTI NOEM, et al., | **IMMEDIATE CONSIDERATION REQUESTED** |
| Defendants. | |

### PLAINTIFFS' EMERGENCY EX PARTE MOTION FOR IMMEDIATE EXPEDITED DISCOVERY

Plaintiffs, through their counsel, state the following in support of their request for expedited discovery in the above-captioned matter:

1. Plaintiffs move for an Order requiring Defendants to provide, on an expedited basis, information that is directly relevant to Plaintiffs' motion for a preliminary injunction, which is scheduled for a hearing on May 19, 2025. Specifically, Plaintiffs request that this Court order Defendants:

   a. to respond to limited, written discovery requests (Ex. A) by **Wednesday, April 30, 2025**, which seek basic information about the termination of Plaintiffs' student status in SEVIS, and which were already provided to Defendants via email on April 22, 2025;

1

    b. to produce Andre Watson, a senior official within the National Security Division for Homeland Security Investigations, whose affidavit was provided in support of Defendants' response to Plaintiffs' motion for a temporary restraining order, for a deposition by **Wednesday, May 7, 2025**, so that Plaintiffs may have an opportunity to ask questions about the affidavit that he submitted; and

    c. to produce an additional individual who is knowledgeable on the topics identified in the attached Notice of Taking of 30(b)(6) Deposition (Ex. B) if Andre Watson is not knowledgeable on these topics by **Wednesday, May 7, 2025**, so that Plaintiffs may ask basic questions about the termination of their student status in SEVIS.

    2.    In accordance with Local Rule 7.1(a)(1), Plaintiffs' counsel sent an email to Defense counsel on the morning of April 22, 2025, requesting specific, limited expedited discovery, as outlined below. Because of the urgency of the request, Plaintiffs' counsel requested a response by the end of the day on April 22, 2025. As of the time of filing, which is occurring twenty-four hours after the request, Defendants have not provided any response.

    In support of their Motion, Plaintiffs rely upon the accompanying Brief in Support.

Respectfully submitted,

By: /s/Syeda F. Davidson

| | |
|---|---|
| Kevin M. Carlson (P67704) | Ramis J. Wadood (P85791) |
| Michael L. Pitt (P24429) | Philip E. Mayor (P81691) |
| Cooperating Attorneys, American Civil Liberties Union Fund of Michigan | Bonsitu Kitaba-Gaviglio (P78822) |
| | Syeda F. Davidson (P72801) |
| Pitt McGehee Palmer Bonanni & Rivers | Daniel S. Korobkin (P72842) |
| | American Civil Liberties Union Fund of Michigan |
| 117 W. 4th St. Ste. 200 | 2966 Woodward Avenue |
| Royal Oak, MI 48067 | Detroit, MI 48201 |
| (248) 398-9800 | (313) 578-6800 |
| kcarlson@pittlawpc.com | rwadood@aclumich.org |
| mpitt@pittlawpc.com | pmayor@aclumich.org |
| | bkitaba@aclumich.org |
| Russell Abrutyn (P63968) | sdavidson@aclumich.org |
| Cooperating Attorney, American Civil Liberties Union Fund of Michigan | dkorobkin@aclumich.org |
| Abrutyn Law PLLC | |
| 15944 W 12 Mile Rd | |
| Southfield, MI 48076 | |
| (248) 965-9440 | |
| russell@abrutyn.com | |

*Attorneys for Plaintiffs*

Dated: April 23, 2025

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHINMAY DEORE, et al.,

    Plaintiffs,

 v.

KRISTI NOEM, et al.,

    Defendants.

Case No. 2:25-cv-11038

Hon. Stephen J. Murphy, III

Mag. J. David R. Grand

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR EX PARTE MOTION FOR IMMEDIATE EXPEDITED DISCOVERY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii
STATEMENT OF RELEVANT FACTS ................................................................. 1
    I.   Good Cause Exists for Expedited, Limited Discovery at this Stage of the Proceedings. ......................................................................................... 4
    II.  Plaintiffs Seek Basic, Limited Information that is Necessary at the Preliminary Injunction Hearing. ................................................................ 5
CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Arab American Civil Rights League v. Trump*, No. 17-10310, 2017 WL 5639928 (E.D. Mich. Mar. 31, 2017) ................................................................. 4

*Arista Records, LLC, v. Does 1-4*, No. 1:07-cv-1115, 2007 WL 4178641 (W.D. Mich. Nov. 20, 2007) ............................................................................. 6

*Citizens Bank, N.A. v. Margolis,* No. 20-cv-12393, 2020 WL 5505383 (E.D. Mich. Sept. 11, 2020) ................................................................................... 4

*Fabreeka Int'l Holdings, Inc. v. Haley,* No. 15-12958, 2015 WL 5139606 (E.D. Mich. Sept. 1, 2015) ..................................................................................... 4

*J.P. Morgan Secs., LLC v. Duncan*, No. 2:22-cv-11732, 2022 WL 3325514 (E.D. Mich., Aug. 11, 2022) ................................................................................ 4

*LaFace Records, LLC v. Does 1-5*, No. 2:07-cv-187, 2007 WL 2867351 (W.D. Mich. Sept. 27, 2007) .............................................................................. 5

*Meritain Health Inc. v. Express Scripts, Inc.,* No. 4:12-cv-266, 2012 WL 1320147 (E.D. Mo. Apr. 17, 2012) ......................................................................... 10

*North Atlantic Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d. 634 (E.D. Mich. 2016) ............................................................................................ 5

*Serra Spring & Mfg., LLC v. Ramnarine*, No. 22-cv-10530, 2022 WL 1487742 (E.D. Mich. May 11, 2022) ....................................................................... 4

*USEC Inc. v. Everitt*, No. 3:09-cv-4, 2009 WL 152479 (E.D. Tenn. Jan. 22, 2009) ............................................................................................................... 5

**Rules**

Fed. R. Civ. P. 26 ............................................................................................... 4

## STATEMENT OF RELEVANT FACTS

On or about April 4, 2025, the United States Department of Homeland Security ("DHS") terminated Plaintiffs' F-1 student records in the Student and Exchange Visitor Information System ("SEVIS"), which is the database used by DHS and universities to track and document the continuing status of students who are authorized to study in the United States. Verified Compl., ECF No. 1, PageID.1-2, ¶ 1. Neither Plaintiffs nor their universities received any meaningful reason for the termination of Plaintiffs' F-1 student status. *Id.*, ECF No. 1, PageID.2, ¶ 2. Notices in SEVIS simply informed the universities in general terms that the terminations were due *either* to the plaintiffs' visas being revoked or their criminal records. *Id.*, ECF No. 1, PageID.3, ¶ 6. As a result, Plaintiffs' schools advised them to leave the country immediately. *Id.*, ECF No. 1, PageID.4, ¶ 7. The student status terminations have placed Plaintiffs' education, research, and career trajectory at risk, as well as putting them at risk of arrest and detention for removal proceedings. *Id.*, ECF No. 1, Page ID.21-22, ¶¶ 56-57.

On April 10, 2025, Plaintiffs sued Defendants, seeking an injunction requiring them to restore Plaintiffs' F-1 student status and prohibiting them from initiating removal proceedings against Plaintiffs. Verified Compl., ECF No. 1. On the same day, Plaintiffs filed an emergency motion for a temporary restraining order and a preliminary injunction. Plaintiffs' Emergency Motion, ECF No. 2. On

1

April 15, 2025, the Court held a hearing on Plaintiffs' request for a temporary restraining order.

During the hearing, Defendants maintained that DHS terminated Plaintiffs' SEVIS records at the behest of the Department of State. Transcript, Ex. C, at 16. Defendants claimed that Plaintiffs were not at risk for removal if they did not leave the country or if they were not convicted of a crime. *Id*. at 18-19. Defendants further argued that SEVIS is merely a recordkeeping database, and does not necessarily reflect a student's status, as the two are different legal concepts. *Id*. at 20-21. Although Plaintiffs' universities had advised them that the SEVIS record termination meant that they no longer held valid F-1 status within the United States, Defendants maintained that the universities added that language on their own, and that it was not correct. *Id*. at 22. Defendants argued that Plaintiffs are allowed to complete their course of study, and that they had not instructed the universities otherwise. *Id*. at 23. Defendants supported their position with a declaration from Andre Watson, a senior official within the National Security Division for Homeland Security Investigations. Decl. Andre Watson, Ex. 2 to Defendants' Response to Plaintiffs' Motion, ECF No. 14-3. Notably, Defendants attempted to minimize the consequences of the SEVIS terminations, but did *not* claim that termination of Plaintiffs' records in SEVIS would allow Plaintiffs to continue working in positions otherwise open to students with valid F-1 status or to

transfer to other educational institutions. *See* Exhibit C, at 22-23 (government claims Plaintiffs can continue studying, but does *not* address the Court's question whether they can transfer to other institutions like normal F-1 status holders and does *not* claim that Plaintiffs can continue or apply for employment normally available to F-1 status holders).

Shortly after the motion hearing, the Court denied Plaintiffs' motion for a temporary restraining order, reasoning that it did not have sufficient information to ascertain whether the termination of a SEVIS record is synonymous with a termination of F-1 status, or whether it carries legal consequences. Order Denying Motion for TRO, ECF No. 20, Page ID.282. In so holding, the Court referred to Defendants' assurances during oral argument and Watson's declaration, noting that they were not dispositive, but that the record at the time of hearing was too limited to grant a temporary restraining order on these issues. *Id*. at Page ID.286-289. The Order went on to enter a schedule for a hearing on Plaintiffs' motion for a preliminary injunction. *Id*. at Page ID.297. Plaintiffs now seek expedited, limited discovery so that they can expand the record for the preliminary injunction hearing by obtaining and providing more information about the precise issues on which the court indicated it wants more information, namely the legal and practical consequences of terminating Plaintiffs' SEVIS records and the government's knowledge of those consequences.

3

I.      **Good Cause Exists for Expedited, Limited Discovery at this Stage of the Proceedings.**

A party may seek discovery before the parties' Rule 26(f) conference as authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). Discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for preliminary injunction." *Arab American Civil Rights League v. Trump*, No. 17-10310, 2017 WL 5639928, at *1 (E.D. Mich. Mar. 31, 2017), citing Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes. Courts in the Sixth Circuit grant expedited discovery for "good cause." *Fabreeka Int'l Holdings, Inc. v. Haley,* No. 15-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015).

In determining whether good cause exists, the court may consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Serra Spring & Mfg., LLC v. Ramnarine*, No. 22-cv-10530, 2022 WL 1487742, at *2 (E.D. Mich. May 11, 2022). Courts applying the "good cause" standard have found that good cause exists where parties need the information sought to support a motion for preliminary injunction. *Id.*; *Citizens Bank, N.A. v. Margolis,* No. 20-cv-12393, 2020 WL 5505383, *2 (E.D. Mich. Sept. 11, 2020); *J.P. Morgan Secs., LLC v. Duncan*, No. 2:22-cv-11732, 2022 WL 3325514, *7 (E.D. Mich., Aug. 11, 2022);

4

*USEC Inc. v. Everitt*, No. 3:09-cv-4, 2009 WL 152479, at *2-3 (E.D. Tenn. Jan. 22, 2009) ("Good cause is usually found in cases involving requests for injunctive relief."); *LaFace Records, LLC v. Does 1-5*, No. 2:07-cv-187, 2007 WL 2867351, at *1 (W.D. Mich. Sept. 27, 2007) ("Plaintiffs have been able to establish good cause in situations involving requests for a preliminary injunction.").

Here, Plaintiffs request responses to a short set of discovery requests that include Requests for Admissions, Interrogatories, and the production of documents (Ex. A) and the depositions of no more than two people to prepare for the preliminary injunction hearing that is scheduled for May 19, 2025. As explained further below, the requests are narrowly tailored to this purpose and are not burdensome to Defendants because the information that Plaintiffs seek responds directly to gaps in the record identified by the court at the TRO hearing and expands the record by confirming, contradicting, or clarifying representations that Defendants have already made.

## II. Plaintiffs Seek Basic, Limited Information that is Necessary at the Preliminary Injunction Hearing.

Good cause for granting expedited discovery can be found when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward. *North Atlantic Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d. 634, 637 (E.D. Mich. 2016), citing *Arista Records, LLC, v. Does 1-4*, No. 1:07-cv-1115, 2007 WL 4178641, *1 (W.D. Mich.

5

Nov. 20, 2007). In this case, the Court recognized that Plaintiffs had valid claims, serious interests, and alleged a number of serious harms, but suggested that full briefing and evidence from Defendants may be necessary to move the case forward to a hearing on Plaintiffs' request for a preliminary injunction. Ex. C. at 12. Plaintiffs now request that Defendants produce limited evidence for that purpose.

Plaintiffs' discovery requests, which were sent to defense counsel via email on April 22, 2025, are narrowly tailored to the limited topics that are necessary to develop the record for purposes of a preliminary injunction: (1) confirmation of the representations Defendants already made; (2) understanding the purported authority allowing Defendants to terminate Plaintiffs' SEVIS records upon request from the Department of State; (3) clarifying Defendants' position regarding the legal and practical consequences (or lack thereof) of the terminations; and (4) obtaining specific evidence regarding the terminations that occurred here.

Plaintiffs request that this Court order Defendants to respond to the short set of requests attached as Exhibit A by **Wednesday, April 30, 2025**. The limited nature of these requests is demonstrated by a review of the specific discovery requests Plaintiffs propose to promulgate.

The first portion of the requests consists of a narrow and targeted Request for Admissions which start with the premise that termination of a record in SEVIS does not terminate an individual's nonimmigrant status in the United States—a

6

representation that Defendants have already made. Ex. A; Ex. C at 20. The remainder of the Request for Admissions asks Defendants to confirm that, assuming that the first statement is admitted, Plaintiffs can continue to do all of the same things and receive all of the same benefits as they had been able to do and receive before their SEVIS records had been terminated. Ex. A.

The next portion of the discovery requests is a limited number of interrogatories asking for DHS's position with regard to the immigration status for each named plaintiff, the authority relied upon by the government to terminate Plaintiffs' SEVIS status, and what purpose such terminations could possibly serve if they are *not* intended to impose any consequences on Plaintiffs ability to work, study, and support themselves and their families. This is relevant and necessary information because Defendants have insisted that the representations that Plaintiffs' universities made about their immigration statuses were incorrect and made without guidance from Defendants. Because Plaintiffs request a preliminary injunction restoring their student statuses, it is necessary to obtain this information before the hearing. The last portion of the written discovery requests only requests the production of documents relevant to the above-referenced requests. Specifically, Plaintiffs request that Defendants produce any documentation confirming that their nonimmigrant status is active, and any guidance provided to SEVP-approved colleges and universities regarding SEVIS records and

7

nonimmigrant students. Ex. A.

Plaintiffs also ask that the Court order Defendants to produce no more than two witnesses for depositions addressing the same narrow topics by **Wednesday, May 6, 2025.** Specifically, Plaintiffs requested to depose Andre Watson, who has already submitted an affidavit at the TRO stage, and one other 30(b)(6) witness—if Mr. Watson is not already that witness—who can speak for Defendants regarding:

a. The authority relied upon by SEVP to cancel Plaintiffs' records in SEVIS in response to the alleged requests to do so by the Department of State in or around April 2025;

b. All policies followed by SEVP when terminating or deciding whether to terminate a record in SEVIS;

c. ICE policy regarding the removability of students whose SEVIS records have been deleted by ICE;

d. Defendants' policies and position regarding how and whether a student whose SEVIS record has been terminated is able to continue their studies and for how long, including how and whether a student with a terminated SEVIS record can transfer to another SEVP-certified educational institution;

e. Defendants' policies and position regarding how and whether a university can issue an I-20 to a student whose SEVIS record has been terminated;

f. Defendants' policies and position regarding how and whether a student

8

whose SEVIS record has been terminated is able to obtain or retain CPT and/or OPT employment without a SEVIS record;

g. Defendants' policies and position regarding how and whether a student whose SEVIS record has been terminated is able to obtain or retain an I-765 employment authorization document in order to accept CPT and/or OPT employment without a SEVIS record; and

h. Defendants' policies and position regarding whether and how a student may seek reinstatement of their SEVIS record through their school or by filing an I-539.

(Ex. B). Plaintiffs have already made Defendants aware of the scope of the depositions via email on April 22, 2025.

Plaintiffs ask that Defendants produce Andre Watson to answer questions on these topics because he has already provided a declaration touching on some of these topics but conspicuously avoiding others, creating some of the ambiguities and gaps in the record identified by this court at the TRO hearing.

Plaintiffs request a second deposition only if Watson is not the proper official, pursuant to Fed. R. Civ. Proc. 30(b)(6), to speak to the topics listed above. Courts applying the good cause standard have permitted document requests and depositions where the requests are narrowly tailored and the information sought will assist the requesting party in establishing their claims at a preliminary

9

injunction hearing. *Meritain Health Inc. v. Express Scripts, Inc.,* No. 4:12-cv-266, 2012 WL 1320147, at *2 (E.D. Mo. Apr. 17, 2012). Here, the topics for the depositions are specific to the representations already made by Defendants and are narrowly tailored to the heart of the issue to be considered at the preliminary injunction stage: whether Plaintiffs are likely to succeed against Defendants for harming them by terminating their SEVIS records.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully ask that this Court to immediately enter an Order requiring Defendants to respond to the short set of discovery requests attached as Exhibit A by **Wednesday, April 30, 2025.** Plaintiffs also request that this Court order Defendants to produce no more than two witnesses for a deposition on the narrowly tailored topics attached as Exhibit B by **Wednesday, May 7, 2025**. A proposed order will be submitted concurrently with the filing of this motion and brief through the CM/ECF utilities function.

Respectfully submitted,

By: /s/Syeda F. Davidson

| | |
|---|---|
| Kevin M. Carlson (P67704) | Ramis J. Wadood (P85791) |
| Michael L. Pitt (P24429) | Philip E. Mayor (P81691) |
| Cooperating Attorneys, American Civil Liberties Union Fund of Michigan | Bonsitu Kitaba-Gaviglio (P78822) Syeda F. Davidson (P72801) |
| Pitt McGehee Palmer Bonanni & Rivers | Daniel S. Korobkin (P72842) American Civil Liberties Union Fund of Michigan |
| 117 W. 4th St. Ste. 200 | |
| Royal Oak, MI 48067 | 2966 Woodward Avenue |

10

| | |
|---|---|
| (248) 398-9800<br>kcarlson@pittlawpc.com<br>mpitt@pittlawpc.com | Detroit, MI 48201<br>(313) 578-6800<br>rwadood@aclumich.org<br>pmayor@aclumich.org |
| Russell Abrutyn (P63968)<br>Cooperating Attorney, American Civil<br>  Liberties Union Fund of Michigan<br>Abrutyn Law PLLC<br>15944 W 12 Mile Rd<br>Southfield, MI 48076<br>(248) 965-9440<br>russell@abrutyn.com | bkitaba@aclumich.org<br>sdavidson@aclumich.org<br>dkorobkin@aclumich.org |

*Attorneys for Plaintiffs*

Dated: April 23, 2025

11