# Exhibit A

Plaintiffs' First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents to Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHINMAY DEORE, et al.,

     Plaintiffs,

 v.

KRISTI NOEM, et al.,

     Defendants.

Case No. 2:25-cv-11038

Hon. Stephen J. Murphy, III

Mag. J. David R. Grand

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiffs hereby propound the following First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents, to be produced and/or answered separately and fully in writing under oath under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

As used herein, the identified terms or abbreviations have the following meanings:

1. **"CURRICULAR PRACTICAL TRAINING"** or **"CPT"** means a form of practical training available to F-1 students in the U.S. which is

1

integral to their major and the experience must be part of their program of study, and is authorized by the student's SEVP-approved school.

2.    **"DATE"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

3.    **"DOCUMENT"** shall have its customary broad meaning and shall include the original and all copies of all written material, without limitation, whether existing in hard copy or electronically, printed, recorded, or reproduced by any mechanism or process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground.

4.    **The "DEPARTMENT OF STATE"** or **"DOS"** means the United States Department of State, including any subdivision or employee or agent thereof.

5.    A **"DESIGNATED SCHOOL OFFICIAL"** or **"DSO"** is responsible for administering the F-1 regulations at the school level.

6.    **"EMPLOYMENT AUTHORIZATION DOCUMENT"** or **"EAD"** refers to a document issued by the United States Citizenship and Immigration Services, when it grants an application made via an I-765 Application for Employment Authorization, and which authorizes an alien to lawfully work in the United States.

7.      **"F-1"** refers to nonimmigrant students, as defined in section 101(a)(15)(F) of the Immigration and Nationality Act, and are foreign students coming to the United States to pursue a full course of academic study in SEVP-approved schools.

8.      "**I-20**" means DHS form I-20, entitled "Certificate of Eligibility for Nonimmigrant Student Status."

9.      **"OPTIONAL PRACTICAL TRAINING"** or **"OPT"** means a form of practical training available to F-1 students in the U.S. which relates to their major or course of study, which is recommended by a student's SEVP-approved school and authorized by U.S. Citizenship and Immigration Services.

10.     **"OPTIONAL PRACTICAL TRAINING FOR F-1 STUDENTS WITH SCIENCE, TECHNOLOGY, ENGINEERING, AND MATHEMATICS DEGREES"** or **"STEM OPT"** is a 24-month extension of the standard 12-month post-completion OPT period for students with qualifying STEM degrees.

11.     **"PERSON"** means any natural person, firm, corporation, partnership, proprietorship, cooperative, association, joint venture, organization, government body, committee, group, or other entity, and any agent or employee of any of those individual entities. Provide his or her last name, last known business

address and telephone number, and last known business position or title and affiliation.

12.      **"REQUEST"** shall refer to any request contained in Plaintiffs' First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents.

13.      **"STUDENT AND EXCHANGE VISITOR INFORMATION SYSTEM RECORD"** or **"SEVIS RECORD"** means the information for any given student contained in the Student and Exchange Visitor Information System ("SEVIS") database maintained by the U.S. Department of Homeland Security that maintains information on Student and Exchange Visitor Program.

14.      **"STUDENT AND EXCHANGE VISITOR PROGRAM"** or **"SEVP"** means the Student and Exchange Visitor Program under the U.S. Department of Homeland Security that administers the Student and Exchange Visitor Information System.

15.      **"STUDENT STATUS"** refers to nonimmigrant students' immigration status, as defined in section 101(a)(15)(F) of the Immigration and Nationality Act, and is held by foreign students coming to the United States to pursue a full course of academic study in SEVP-approved schools. Duration of student status is defined by 8 C.F.R. § 214.2(f)(5) "as the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for

4

attendance by foreign students, or engaging in authorized practical training following completion of studies, . . .The student is considered to be maintaining status if the student is making normal progress toward completing a course of study."

16.    **"YOU"** or **"YOUR"** refer to the Defendants in this action, including all of their departments, agencies, employees and agents, and any other person or entity acting or purporting to act on their behalf, at their direction, or under their supervision.

## <u>INSTRUCTIONS</u>

1.    Use of the singular tense shall be deemed to include the plural and vice versa, and use of the masculine pronoun shall be deemed to include both genders.

2.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests any information which might otherwise be construed to be outside their scope.

3.    Answer each Interrogatory set forth below separately and fully in writing under oath. Your response hereto is to be signed by the person making it, and the objections signed by the attorney making them, as required by Fed. R. Civ. P. 33(b).

4.      Answer each Request for Admission set forth below separately and fully in writing, signed by the person making it or by its attorney, as required by Fed. R. Civ. P. 36(a)(3)-(5).

5.      Answer each Request for Production of Documents set forth below separately and fully in writing, and produce the requested documents, as required by Fed. R. Civ. P. 34(b).

6.      Produce documents as they are kept in the ordinary course of business and organize and label them to correspond to the categories in the request.

7.      Produce documents in the form or forms in which it is ordinarily maintained or in a reasonably useable form or forms.

8.      In responding to these requests, furnish all information that is available to you, including information that is available to you or your counsel, or in the possession, custody or control of you or any agent or agency of yours.

9.      Each request shall be answered fully unless it is objected to in good faith, in which event the reasons for your objection shall be stated in detail, as required by Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C), 36(a)(4)-(5).

10.      If you object to any Request for Production of Documents, the objection must state whether any responsive materials are being withheld on the basis of that objection, as required by Fed. R. Civ. P. 34(b)(2)(C).

11.     If a Request for Admission is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it, as required by Fed. R. Civ. P. 36(a)(4).

12.     If an objection pertains to only a portion of the request, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the request, using your best efforts to do so.

13.     If any request cannot be responded to in full after exercising due diligence to secure the information, respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have concerning the unanswered portions. If you do not know the answer to a request, identify the person or persons who would be expected to know the answer.

14.     If any information is withheld by you under a claim of privilege, please set forth in your written response for each document or information for which a claim of privilege is made:

> a. Principals. The name and title of the author(s), sender(s), address(es), and recipient(s) of the information.
>
> b. Date. The date the document or information was created or transmitted.

c. <u>Publications</u>. The date and title of each person to whom the contents of the information has been disclosed by copy, exhibition, reading, summarization, or otherwise.

d. <u>Descriptions</u>. A description of the nature and subject matter of the information.

e. <u>Privilege</u>. A statement of the privilege(s) and the basis or bases upon which the privilege(s) is or are asserted.

15.    These requests are continuing in nature. Therefore, you are obligated to provide, by way of supplemental responses and documents, whatever information may hereafter be obtained by you, or by anyone on your behalf, that will supplement this request. To minimize the burden on Defendants, Plaintiffs request that updated responses ca be provided on a weekly basis.

16.    All written responses to these requests should be produced in Microsoft Word or Excel native format.

<u>**REQUESTS FOR ADMISSION**</u>

Please admit the following:

      1.    Termination of a SEVIS record does not terminate an individual's student status in the United States.

**RESPONSE**:

      2.    Although each Plaintiffs' SEVIS records are terminated, they each currently have valid F-1 nonimmigrant status in the United States as long as they continue to fulfill the academic requirements for their program.

**RESPONSE**:

      3.    A student with F-1 status whose SEVIS record is terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search is entitled to be approved for Optional Practical Training (OPT) or STEMP OPT on the exact same terms as if their SEVIS record had not been terminated.

**RESPONSE**:

      4.    A student with F-1 status whose SEVIS record is terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the

results of a criminal background search is entitled to be approved for Curricular Practical Training (CPT) on the exact same terms as if their SEVIS record had not been terminated.

**RESPONSE**:

5.     A student with F-1 status whose SEVIS record is terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search can continue attending the SEVP-approved school they are currently attending on their existing Form I-20 to complete a course of study.

**RESPONSE**:

6.     A student with F-1 status whose SEVIS record is terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search, and who continues attending classes and otherwise complying with their F-1 status, does not accrue any unlawful presence.

**RESPONSE:**

7.     Policy guidance to DHS found in U.S. Citizenship and Immigration Services Adjudicator's Field Manual Chapter 40.9.2(b)(1)(E)(ii) issued on May 6, 2009 regarding Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(b)(i) and 212(a)(9)(c)(i)(l) of the Immigration and Nationality Act ("INA") remains in effect.

**RESPONSE**:

8.     A student with F-1 status whose SEVIS record is terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search can transfer to a new SEVP-approved school, and the new school can issue a Form I-20 on the exact same terms as if their SEVIS record had not been terminated, i.e., if done within five months of the program completion date and if they are otherwise in compliance with the conditions of their F-1 status.

**RESPONSE**:

9.     A SEVP-approved school is permitted to issue a new Form I-20 to an F-1 nonimmigrant student whose SEVIS record has been terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search on the exact same terms as they could if the student's SEVIS record had not been terminated.

**RESPONSE**:

10.     A student with F-1 status whose SEVIS record is terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search can request a correction of their SEVIS from their DSO if they are otherwise in compliance with the conditions of their F-1 status.

**RESPONSE:**

11.     A SEVP-approved school is permitted to recommend Optional Practical Training for an F-1 nonimmigrant student whose SEVIS record has been terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search on the exact same terms as they could if the student's SEVIS record had not been terminated.

**RESPONSE**:

12.     U.S. Citizenship and Immigration Services (USCIS) must authorize OPT for an F-1 nonimmigrant student if they are otherwise in compliance with the conditions of their F-1 status even if their SEVIS record has been terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the

results of a criminal background search, on the exact same terms as they could if the student's SEVIS record had not been terminated.

**RESPONSE**:

13.    In reviewing an application for OPT for an F-1 nonimmigrant student whose SEVIS record was terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search, USCIS may not require the student to provide evidence that could only be generated if the student had an active (i.e. non-terminated) SEVIS record.

**RESPONSE:**

14.    A SEVP-approved school is permitted to authorize Curricular Practical Training for an F-1 nonimmigrant student whose SEVIS record has been terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search on the exact same terms as they could if the student's SEVIS record had not been terminated.

**RESPONSE**:

15.    USCIS must issue and Employment Authorization Document to an F-1 nonimmigrant student who is recommended for OPT, but whose SEVIS

record has been terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search, on the exact same terms as if the student's SEVIS record had not been terminated.

**RESPONSE**:

16.     In reviewing an application for an Employment Authorization Document for an F-1 nonimmigrant student whose SEVIS record was terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search, USCIS may not require the student to provide evidence that could only be generated if the student had an active (i.e. non-terminated) SEVIS record.

**RESPONSE:**

17.     U.S. Citizenship and Immigration Services (USCIS) must grant a change of nonimmigrant status for an F-1 nonimmigrant student whose SEVIS record has been terminated by DHS at the request of DOS due to revocation of the student's F-1 visa and/or the results of a criminal background search on the exact same terms as they could if the student's SEVIS record had not been terminated, and USCIS may not require the student to provide evidence that could only be generated if the student had an active (i.e. non-terminated) SEVIS record.

14

**RESPONSE**:

## <u>INTERROGATORIES</u>

1.    Explain, separately, what each Plaintiff's current U.S. immigration status is according to the Department of Homeland Security.   If Defendants would need additional information to make this determination, specifically describe the additional information that would bear on this determination and how it would do so.

**RESPONSE**:


2.    Explain in detail what effect on a student the termination of a SEVIS record has, if any, according to Defendants.

**RESPONSE**:


3.    Provide the basis of DHS's asserted authority to terminate a student's SEVIS record in response to a request to do so from the Department of State.

**RESPONSE**:

4.     Explain, in detail, the purpose served by terminating a student's SEVIS record in response to a request to do so from the Department of State due to a visa revocation and/or the results of a criminal background search.[]

**RESPONSE**:


5.     Explain, in detail, the legal authority for distinguishing between immediate and prudential revocation of visas.

**RESPONSE**:


6.     To the extent that any of your responses to the requests for admission above is either a denial, partial denial, or anything other than an unqualified "yes" or admission, please state the factual basis for your response and identify all documents referred to in forming the basis for your response.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce any and all documents transmitted between any employee of the Department of Homeland Security and any employee of the Department of State, between January 19, 2025 and the present day, mentioning any Plaintiff, including but not limited to any communications from Department of State in or around April of 2025 instructing DHS's Counter Threat Lead Development Unit (CTLD) to terminate each plaintiff's SEVIS record.

**RESPONSE**:

2.     Produce any and all documents confirming that Plaintiffs' F-1 nonimmigrant status is active, including the location of where the records of their current status are maintained.

**RESPONSE:**

3.     Produce any documents, including guidance, training materials, and/or directives, informing SEVP-approved colleges and universities regarding how to understand, maintain and/or update SEVIS or SEVIS records.

**RESPONSE**:

4.      Produce any documents, including formal policies, internal operating procedures, subregulatory guidance, or internal emails, explaining when and for what reasons DHS or any subdivision thereof is authorized or required to terminate a SEVIS record.  This specifically includes, but is not limited to, documents discussing the authority or requirement to terminate a SEVIS record in response to a request to do so from the Department of State.

**RESPONSE**:


5.      Produce all documents referred to, relied upon, or otherwise forming the bases for your responses to interrogatories and responses to requests for admission.

**RESPONSE**:


6.      Produce all documents referred to or relied upon in forming the statements in the affidavit of Andre Watson.

**RESPONSE**:


7.      Produce all documents which you intend to rely upon in support of your response to Plaintiffs' motion for preliminary injunction, including all

documents which you intend to reference, rely upon, or offer into evidence at any hearing as to Plaintiffs' motion for preliminary injunction.

**RESPONSE**:

Respectfully submitted,

By:   /s/ Philip Mayor

| | |
|---|---|
| Kevin M. Carlson (P67704) | Ramis J. Wadood (P85791) |
| Michael L. Pitt (P24429) | Philip E. Mayor (P81691) |
| Cooperating Attorneys, American Civil | Bonsitu Kitaba-Gaviglio (P78822) |
|   Liberties Union Fund of Michigan | Syeda F. Davidson (P72801) |
| Pitt McGehee Palmer Bonanni | Daniel S. Korobkin (P72842) |
|   & Rivers, P.C. | American Civil Liberties Union |
| 117 W. 4th St. Ste. 200 |   Fund of Michigan |
| Royal Oak, MI 48067 | 2966 Woodward Avenue |
| (248) 398-9800 | Detroit, MI  48201 |
| kcarlson@pittlawpc.com | (313) 578-6800 |
| mpitt@pittlawpc.com | rwadood@aclumich.org |
| | pmayor@aclumich.org |
| Russell Abrutyn (P63968) | bkitaba@aclumich.org |
| Cooperating Attorney, American Civil | sdavidson@aclumich.org |
|   Liberties Union Fund of Michigan | dkorobkin@aclumich.org |
| Abrutyn Law PLLC | |
| 15944 W 12 Mile Rd | |
| Southfield, MI 48076 | |
| (248) 965-9440 | |
| russell@abrutyn.com | |

*Attorneys for Plaintiffs*

Dated: April 22, 2025