UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHINMAY DEORE, et al.,

        Plaintiffs,

v.

SECRETARY OF U.S. DEPARTMENT
OF HOMELAND SECURITY, et al.,

        Defendants.

_____/

Case No. 2:25-cv-11038

HONORABLE STEPHEN J. MURPHY, III

**ORDER REQUIRING**
**SUPPLEMENTAL STATEMENT AND RESPONSE**

On April 23, 2025, Plaintiffs filed an *ex parte* request for limited early discovery. ECF No. 23, PageID.351. Plaintiffs emailed Defendants about the request and waited twenty-four hours before filing their motion. *Id.* at PageID.337. The request includes requests for admissions, interrogatories, requests for production, and up to two depositions of government officials—Andre Watson and/or an alternative if Watson lacks necessary information. ECF 23, PageID.349; ECF No. 23-2, PageID.355–74; ECF No. 23-3, PageID.376–81. The requests are aimed at helping the parties prepare for the May 19, 2025 preliminary injunction hearing. ECF No. 23, PageID.346. After initial review, the requests appear tailored to address specific ambiguities in the record. But before ruling on the motion, the Court will order the government to promptly respond.

The Court is aware that parallel cases are proceeding across the country that raise similar questions about government policies and actions related to SEVIS and

1

the F-1 status of certain international students. It seems likely that Watson's testimony could have broad relevance across those cases. The parties should consider whether, for the sake of efficiency, in-court testimony or depositions memorialized elsewhere may vitiate the need for a pre-hearing deposition here. Alternatively, if either party is aware of already scheduled depositions from which they can glean the required information, they should attempt to do so.

To that end, in its response, Defendants should discuss whether a case-specific deposition by Watson or another is necessary given the litigation elsewhere. Plaintiffs should also file a brief written statement on the same topic. Both parties should clarify whether coordination with their counterparts in other districts regarding depositions of Watson or an alternative official are feasible. And both parties should clarify if they intend for Watson or a stand-in agency official to testify at the May 19 hearing.

**WHEREFORE**, it is hereby **ORDERED** that Defendants must **RESPOND** to ECF No. 23 **no later than April 25, 2025 at 2:00 p.m.** The response should address the concerns described above.

**IT IS FURTHER ORDERED** that Plaintiffs must **FILE** a supplemental statement as described above **no later than April 25, 2025 at 2:00 p.m.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 23, 2025