# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| CHINMAY DEORE, et al., | Case No. 2:25-cv-11038 |
| Plaintiffs, | Hon. Stephen J. Murphy, III |
| v. | Mag. J. David R. Grand |
| KRISTI NOEM, et al., | |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT IN SUPPORT OF THEIR REQUEST FOR LIMITED EARLY DISCOVERY**

On April 23, 2025, Plaintiffs filed an *ex parte* request for limited early discovery. Plaintiffs' Mtn. for Disc., ECF No. 23. The same day, the Court issued an Order opining that the discovery requests appeared tailored to address specific ambiguities in the record. Order Requiring Supplemental Statement, ECF No. 24, PageID.416. However, the Court also noted that because there are cases parallel to Plaintiffs' occurring nationwide, the parties should consider whether testimony by Andre Watson or some other individual in another case could eliminate the need for a pre-hearing deposition in the instant case. *Id*. at PageID.417. Plaintiffs now submit this statement on that topic, as ordered by the Court.

**I.  Plaintiffs are unaware of other cases where Watson has been or will be deposed on issues that are necessary to resolve the ambiguities in this case's record.**

Plaintiffs' counsel has been in contact with counsel in numerous cases that are parallel to this one. Andre Watson has provided declarations substantively identical to the one he submitted in this case in many of those cases. But to Plaintiffs' knowledge, Watson has not been scheduled for a deposition in any of them. Watson's deposition is necessary here because his declaration in this case touched on *some* of the topics on which Plaintiffs request information, but has avoided others and is untested by cross examination. Because of this, the declaration is largely responsible for the rather paradoxical ambiguity about Plaintiffs' immigration status and removability in the current record.

This has also been an issue in other cases in which Watson has submitted a declaration. For example, he submitted a declaration in a parallel proceeding in the District Court in the District of Columbia. The Court in that case noted that the government's refusal to definitively commit to a position on whether the plaintiffs had active status to remain in the United States created the equivalent of a "Schrodinger's visa" situation that Watson's declaration did not help clarify. Transcript, *Patel v. Lyons*, No. 25-1096-ACR (District Court for the District of Colombia), attached hereto as Ex. A. p. 9, 15. Specifically, that Court observed that "Mr. Watson's declaration doesn't tell me if [the plaintiff] is here legally. It doesn't tell me if [the plaintiff] can go to classes. And it doesn't tell me what the practical effect is of terminating someone from SEVIS . . ." *Id*. at 15.

These are similar to the ambiguities that the Court has identified in the record here. The government, with Watson's help, has created a situation where Plaintiffs, their universities, their team of lawyers, and this Court cannot determine Plaintiffs' current immigration status. *Id.* at 10. The District Court in *Patel* and a federal court in New Hampshire have both described the situation as "Kafkaesque." *Id.*; Jeremy Margolis, "*A Bit Kafkaesque: Federal Judge Spars with Government Lawyer Over Status of Dartmouth International Student,*" Valley News (Apr. 23, 2025), https://www.vnews.com/Federal-judge-spars-with-Trump-admin-lawyer-Dartmouth-international-student-60786186 (also noting that the government was making assertions about students' status at a hearing that it was unwilling to commit to in writing or under oath).

In *Patel*, Mr. Watson has been ordered to testify at the preliminary examination hearing scheduled for April 29, 2025, Ex. A at 36, though it is not known if the Government intends to comply or offer an alternate witness. Regardless, the procedural posture and the record in that case are both different from the instant matter. In *Patel*, the student's SEVIS record was ordered to be restored "within the hour" of the initial hearing—i.e., before Watson was scheduled to testify. *Id.* at 35. Thus, attorneys questioning Watson in that case may conduct a different examination from what is needed here given this Court's desire to further develop a full evidentiary record in this case that resolves the ambiguities in the evidence

offered at the TRO stage.

Another issue is that it is possible that Watson is not the person who is most knowledgeable and able to bind the Government on some or all of the topics in Plaintiff's Notice of Taking of 30(b)(6) Deposition. The Government has yet to state whether he is. And the existing declaration does not address several of the critical questions at the heart of this matter about the legal and practical effects of SEVIS termination. Thus, even if this Court were inclined to rely on Watson's upcoming testimony in *Patel* on issues addressed in that hearing, Plaintiffs would likely still need to depose an appropriate 30(b)(6) witness for any other remaining topics.

If this Court is otherwise considering relying on Watson's April 29th testimony in *Patel*, Plaintiffs request that Defendants be required to provide the transcript to Plaintiffs and this Court no later than April 30, and that Plaintiffs be permitted to depose him the following week if the transcript fails to address any critical matters relevant to this action. In that event, Plaintiffs respectfully suggest that the best way to proceed would be to order a deposition to be scheduled for early in the week of May 5, which would be canceled if Watson's April 29th testimony adequately addresses all relevant subjects.

Finally, the Court asked whether the parties anticipate needing to call Watson as a witness at the May 19 preliminary injunction hearing. If Defendants produce Watson or an alternative 30(b)(6) official for a deposition prior to the May 19

4

hearing, it may not be necessary to subpoena the deponent to attend the hearing, although it is difficult to be certain until after the deposition, particularly if credibility appears to be at issue. *See Adkins v. Morgan Cty*, 2020 WL 13826850 at *1 (E.D. Tenn. 2020) (collecting cases documenting the importance of in-person testimony when credibility is at issue).

II.     **Plaintiffs need expedited responses to their written discovery requests regardless of whether depositions are ordered.**

Regardless of whether depositions occur at this stage, Plaintiffs reiterate their request for Defendants to respond to the short and narrowly tailored discovery requests that were submitted as Exhibit A to their April 23 motion. As noted in Plaintiffs' motion, the discovery requests are tailored to these limited topics: (1) confirmation of the representations Defendants already made; (2) understanding the purported authority allowing Defendants to terminate Plaintiffs' SEVIS records upon request from the Department of State; (3) clarifying Defendants' position regarding the legal and practical consequences (or lack thereof) of the terminations; and (4) obtaining specific evidence regarding the terminations that occurred in this case. Plaintiffs' Mtn. for Disc., ECF No. 23, Page ID.347. The Court has already noted that the requests address specific ambiguities in the record and are aimed at helping the parties prepare for the preliminary injunction hearing. Order Requiring Supplemental Statement, ECF No. 24, PageID.416. Defendants should be required to produce responses to these short requests within no less than 5 business days.

5

## CONCLUSION

Because Andre Watson has not been subject to cross examination, it is not clear whether he will be knowledgeable on all of the topics identified in Plaintiffs' 30(b)(6) Deposition Notice—in other words, the topics that will help clear the ambiguities in the record. Further, the procedural posture in the only case where Watson is expected to testify at this time is different from the posture in the instant case. It is thus necessary for Defendants to produce Watson for a deposition. Regardless, Defendants should be ordered to respond to the short set of discovery requests in advance of the preliminary motion hearing.

Respectfully submitted,

By:   /s/ Syeda F. Davidson

Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
Cooperating Attorneys, American Civil
  Liberties Union Fund of Michigan
Pitt McGehee Palmer Bonanni
  & Rivers
117 W. 4th St. Ste. 200
Royal Oak, MI 48067
(248) 398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com

Russell Abrutyn (P63968)
Cooperating Attorney, American Civil
  Liberties Union Fund of Michigan
Abrutyn Law PLLC
15944 W 12 Mile Rd
Southfield, MI 48076

Syeda F. Davidson (P72801)
Philip E. Mayor (P81691)
Bonsitu Kitaba-Gaviglio (P78822)
Ramis J. Wadood (P85791)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6800
rwadood@aclumich.org
pmayor@aclumich.org
bkitaba@aclumich.org
sdavidson@aclumich.org
dkorobkin@aclumich.org

(248) 965-9440
russell@abrutyn.com

Attorneys for Plaintiffs

Dated: April 25, 2025