## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHINMAY DEORE, et al.,

     Plaintiffs,

 v.

KRISTI NOEM, et al.,

     Defendants.

Case No. 2:25-cv-11038

Hon. Stephen J. Murphy, III

Mag. J. David R. Grand

**PLAINTIFFS' STATEMENTS REGARDING SEVIS REINSTATEMENTS**

In the Court's order this morning granting and denying in part Plaintiffs' discovery motion, the Court instructed the parties to "promptly inform the Court of any factual change that could suggest to a reasonable jurist that all or some of the relief sough has become moot—*e.g.,* a restoration of SEVIS records for some or all of Plaintiffs—even if the parties believe the case remains live in part or whole."

Pursuant to that Order, Plaintiffs hereby advise the Court that all Plaintiffs have been informed by their respective Universities that their records in SEVIS have been reactivated.  Plaintiff Yogesh has also been permitted to resume his on campus work pursuant to the reinstatement; Plaintiff Qiuyi's work authorization status following the reinstatement remains unclear.

The plaintiffs who had F-1 visas do not know if those visas have been reinstated, and have no proof other than the Government's representations at the TRO stage whether any revocation was prudential or immediate.

Because Defendants assert that a SEVIS record is not necessarily indicative of immigration status, it remains unclear if the gap in Plaintiffs' SEVIS records (between the dates of their SEVIS terminations and their SEVIS reactivations) will impact their ability to change or adjust their immigration statuses in the future (as some adjustments require *continuous* lawful presence), or has created a risk of detention and removal, or will impact their ability to obtain a new visa or be readmitted to the United States.

Plaintiffs have contacted the Government, and provided a copy of this draft pleading to the Government at 11:40 a.m. today, to request the government's position on whether Plaintiffs are considered to have been out of status or otherwise harmed in seeking future immigration relief due to the time that their SEVIS records were terminated.  Plaintiffs have also sought the Government's position regarding whether Plaintiffs may be detained or removed so long as no new and relevant facts about their status and/or criminal history come to light.

The Government has responded as follows:

"Defendants agree that plaintiffs' SEVIS records have been restored and assert that this matter is now moot. Plaintiffs' grounds for

claiming that this case still presents a live controversy should be rejected because they relate to speculative matters beyond the scope of this case.

"First, plaintiffs argue that this case presents a live controversy because they "still do not know if th[eir] visas have been reinstated." However, plaintiffs never challenged the Department of State's revocation of plaintiff Joshi and plaintiff Yang's visas in this case, (*see* Compl., ECF No. 1, PageID.5 ("To be clear, Plaintiffs do not challenge the revocation of their F-1 ***visas*** in this case") (emphasis in original), and the Department of State is not a party. Therefore, plaintiffs' cannot rely on a non-party's unchallenged revocation of plaintiffs' visas to argue that this case presents an active case or controversy.

"Second, plaintiffs imply that the government may argue in the future that plaintiffs lost nonimmigrant status based on the termination of their SEVIS record and that this loss of status may be used in the future by another non-party agency, USCIS, to deny them unidentified benefits based on a calculation of whether (and for how long) they accrued unlawful presence. As an initial matter, defendants have never taken the position that plaintiffs ever lost nonimmigrant status for any

period of time, so the premise of this argument is flawed. Further, whether plaintiffs may be denied an immigration benefit in the future by another agency is well beyond the scope of this case and highly speculative. In addition, the legal concepts of lawful status and lawful presence are different in the immigration context, *compare* 8 C.F.R. 214.2(f) (describing how an F-1 student maintains lawful status) *with* 8 U.S.C. 1182(a)(9)(B), (C) (defining unlawful presence), and defendants have never asserted that plaintiffs have accrued any unlawful presence administratively or in this case. Therefore, this issue does not present a ripe controversy.

"Third, plaintiffs argue that this case presents a live controversy because they are unsure if the termination of their SEVIS record "has created a risk of detention and removal, or will impact their ability to obtain a new visa or be readmitted to the United States." However, plaintiffs have never identified any evidence that there was ever any credible risk that removal proceedings would be instituted against them, (*see* Watson Decl., ECF No. 14-3, PageID.167-69), this Court would lack jurisdiction to bar removal proceedings if defendants intended to pursue them, *see* 8 U.S.C. 1252(g), and the decision to grant plaintiffs' new visas or readmit them to the United States after they depart is solely

4

within the discretion of the Department of State, a non-party, *see* 8 U.S.C. 1201. Therefore, this argument does not support plaintiffs' argument that there is any remaining issue for the Court to resolve in this case."

* * *

By duplicating the Government's statement above, Plaintiffs do not endorse the Government's portrayal of Plaintiffs' positions, nor do Plaintiffs' necessarily make the arguments the Government attributes to them.

Pursuant to this Court's order, the Parties have scheduled a meet and confer at 2:00 p.m. on Friday, May 2, at which the Parties anticipate discussing whether there is a need for a preliminary injunction hearing given the current state of the record.  By Tuesday, May 6, Plaintiffs intend to file a statement, joint or otherwise, or a stipulated order to that effect.

Respectfully submitted,

By:    /s/ Philip Mayor

Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
Cooperating Attorneys, American Civil
    Liberties Union Fund of Michigan
Pitt McGehee Palmer Bonanni
    & Rivers
117 W. 4th St. Ste. 200
Royal Oak, MI 48067

Philip E. Mayor (P81691)
Ramis J. Wadood (P85791)
Bonsitu Kitaba-Gaviglio (P78822)
Syeda F. Davidson (P72801)
American Civil Liberties Union
    Fund of Michigan
2966 Woodward Avenue
Detroit, MI  48201

5

(248) 398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com

Russell Abrutyn (P63968)
Cooperating Attorney, American Civil
    Liberties Union Fund of Michigan
Abrutyn Law PLLC
15944 W 12 Mile Rd
Southfield, MI 48076
(248) 965-9440
russell@abrutyn.com

(313) 578-6800
pmayor@aclumich.org
rwadood@aclumich.org
bkitaba@aclumich.org
sdavidson@aclumich.org

6