UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHINMAY DEORE, et al.,

        Plaintiffs,

v.

SECRETARY OF U.S. DEPARTMENT
OF HOMELAND SECURITY, et al.,

        Defendants.
_____/

Case No. 2:25-cv-11038

HONORABLE STEPHEN J. MURPHY, III

## **STIPULATED ORDER OF DISMISSAL**

The Student and Exchange Visitor Information System ("SEVIS") record for each Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of each Plaintiffs' SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiffs' SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3. To the extent any Plaintiffs are participating in Optional Practical Training ("OPT"), or the Science, Technology, Engineering, and Math ("STEM") OPT extension, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiffs'

1

SEVIS record before its termination.

4. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiffs' SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5).

5. ICE has a new policy stating: "If the Department of State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visas of any of the Plaintiffs in this action have been revoked with immediate effect.

7. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and

then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8.  To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiffs' SEVIS record, counsel for Defendants agree to cooperate with Plaintiffs' counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of any Plaintiffs' benefits request.

9.  Defendants shall communicate this Stipulation to the Department of State.

10. Plaintiffs shall dismiss this action with prejudice but reserve the right to pursue separate litigation in the event that their SEVIS record is terminated again. Each party shall bear its own fees and costs.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: May 29, 2025

SO STIPULATED AND AGREED BY:

*/s/ Philip Mayor (w/ consent)*  
Philip E. Mayor (P81691)  
Ramis J. Wadood (P85791)  
Bonsitu Kitaba-Gaviglio (P78822)  
Syeda F. Davidson (P72801)  
American Civil Liberties Union  
   Fund of Michigan  
2966 Woodward Avenue  
Detroit, MI  48201  
(313) 578-6800  
pmayor@aclumich.org  
rwadood@aclumich.org  
bkitaba@aclumich.org  
sdavidson@aclumich.org  

Kevin M. Carlson (P67704)  
Michael L. Pitt (P24429)  
Cooperating Attorneys, American Civil  
   Liberties Union Fund of Michigan  
Pitt McGehee Palmer Bonanni  
   & Rivers  
117 W. 4th St. Ste. 200  
Royal Oak, MI 48067  
(248) 398-9800  
kcarlson@pittlawpc.com  
mpitt@pittlawpc.com  

Russell Abrutyn (P63968)  
Cooperating Attorney, American Civil  
   Liberties Union Fund of Michigan  
Abrutyn Law PLLC  
15944 W 12 Mile Rd  
Southfield, MI 48076  
(248) 965-9440  
russell@abrutyn.com  

*Attorneys for Plaintiffs*

Jerome F. Gorgon, Jr.  
United States Attorney  

*s/Zak Toomey*  
Zak Toomey (MO 61618)  
Assistant U.S. Attorney  
211 W. Fort St., Ste. 2001  
Detroit, MI  48226  
313-226-9617  
zak.toomey@usdoj.gov  

*Attorneys for Defendants*

4